*ELECTRONICALLY FILED*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-cv-99-GNS

| | |
|---|---|
| **BERKLEY ASSURANCE COMPANY** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| **CARTER DOUGLAS COMPANY, LLC** | ) |
| Serve: Wayne Cates, Registered Agent | ) |
|      1229 Hernden Road | ) |
|      Russellville, Kentucky 42276 | ) |
| | ) |
| and | ) |
| | ) |
| **STEPHEN BRADLEY HATCHER** | ) |
| 174 Coffee Tree Street, Apt. 129 | ) |
| Lewisburg, Kentucky 42256 | ) |
| | ) |
| **DEFENDANTS** | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, Berkley Assurance Company ("Berkley Assurance"), for its Complaint for Declaratory Judgment, states as follows:

**INTRODUCTION**

1. This is a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve Berkley Assurance's duties, obligations and rights, if any, under a commercial insurance policy issued by Berkley Assurance to Carter Douglas Company, LLC ("Carter Douglas Company") policy number VUMCO130970 for the policy period November 21, 2016 to November 21, 2017.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Berkley Assurance, is a Iowa corporation that has its principal place of business in Arizona.

3. At all material times herein, Defendant, Carter Douglas Company is and was a Kentucky Limited Liability Company with its principal place of business located in Russellville, Kentucky.

4. Defendant, Stephen Bradley Hatcher ("Stephen Hatcher" or "Mr. Hatcher") worked for Carter Douglas Company during the relevant period of time and he is a resident of Kentucky who lives at 174 Coffee Tree Street, Apartment 129, Lewisburg, Kentucky 42256.

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve Berkley Assurance's rights, duties and obligations, if any, for its insured, Carter Douglas Company, under the subject insurance policy issued by Berkley Assurance with respect to an incident that occurred at 314 7th Avenue East, Bowling Green, Warren County, Kentucky involving personal injuries to Steven Bradley Hatcher, while he was working for Carter Douglas Company.

6. Pursuant to 28 U.S.C. § 1332, *et. seq.,* this Court has jurisdiction over this action because the controversy is between citizens of different states and exceeds the minimum jurisdictional amount of $75,000.00, exclusive of interests and costs.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) and (c) because the underlying events concerning the injuries to Stephen Hatcher occurred in the aforementioned place. The events concerned matters which took place in the Western District of Kentucky. Steven Hatcher also filed a suit against Carter Douglas Company, pertaining to his personal injuries and events with said suit filed in the case entitled Steven Bradley Hatcher v. Carter Douglas Company, LLC, Warren Circuit Court No. 18-CI-00311.

## FACTS

8. Based on information and belief, Stephen Hatcher executed an independent contractor agreement with Carter Douglas Company on February 27, 2017, a copy which is attached hereto as Exhibit 1.

9. Based on information and belief, the independent contractor agreement signed by Mr. Hatcher was drafted by Carter Douglas Company, or by an individual working on behalf of this entity.

10. Thereafter, Mr. Hatcher began performing various labor duties for Carter Douglas Company, including working during the course of a renovation of a building located at 314 7th Avenue East, Bowling Green Kentucky.

11. On March 17, 2017, Mr. Hatcher, while performing certain labor duties for Carter Douglas Company at the subject 314 7th Avenue East, Bowling Green, Kentucky when a rafter upon which he was working broke underneath him, causing Mr. Hatcher to fall a substantial distance to the ground causing him severe injuries.

12. The injuries sustained by Mr. Hatcher from this incident of March 17, 2017, included a broken neck, fractured skull, and injuries to his wrist, right shoulder, and to one of his hands.

13. Thereafter, Stephen Hatcher filed a claim with the Kentucky Department of Workers' Claims No.: 2017-015010 entitled Stephen Bradley Hatcher v. Carter Douglas Company, et. al.

14. As part of Mr. Hatcher's Claim filed with the Department of Workers' Claims against Carter Douglas Company there was a dispute regarding whether Mr. Hatcher was working as an employee or independent contractor for Carter Douglas Company at the time of

his injury. The Workers' Administrative Law Judge determined in this claim on or about May 11, 2018, that Mr. Hatcher was working as an employee of Carter Douglas when he was injured within the course and scope of his employment with Carter Douglas on March 27, 2017. A copy of this Order is attached hereto as Exhibit 2.

15. After this determination was made by the Administrative Law Judge in Department of Workers' Claims No.: 2017-015010, Mr. Hatcher filed a Complaint against Carter Douglas Company, LLC in Warren Circuit Court Civil Action 18-CI-00311, a copy of which is attached hereto as Exhibit 3.

16. Thereafter, on or about June 1, 2018, Carter Douglas filed an Answer and Counterclaim in Warren Circuit Court Civil Action 18-CF-00311, alleging in part that Mr. Hatcher executed an Independent Contractor Agreement, with a copy of said document attached as Exhibit A to the Answer and Counterclaim provided as Exhibit 4 hereto. Carter Douglas Company alleges in its Counterclaim that Mr. Hatcher fraudulently misrepresented as part of the Independent Contractor Agreement that he intended to be treated as an independent contractor, but now claims he considered himself an employee of Carter Douglas Company.

17. As part of the aforesaid Independent Contractor Agreement entered into by Carter Douglas and Steven Bradley Hatcher, said agreement states in paragraph nine the following: COMPLIANCE WITH LAWS AND INDEMNIFICATION: Independent Contractor agrees at all times material to this Agreement it shall use due diligence to ensure that it is fully compliant with all labor laws and laws regarding equal employment opportunities whether, Federal, state or local, including but limited to the Occupational Safety and Health Act ("OSHA"), wage and hour laws, collective bargaining obligations, the Americans with Disabilities Act of 1900, the Family and Medical Leave Act, and workers compensation laws. Independent Contractor will

defend, indemnify, and hold harmless Carter Douglas Company for any violation of or failure to comply with such laws, and will further defend, indemnify and hold harmless Carter Douglas Company , and any of its employees, from any and all liability, including any loss, claims, demands, obligations, actions, causes of action, damages, costs and expenses and attorney fees, for any damage or injury that may occur or arise out of the services performed by the Independent Contractor under this Agreement. Independent Contractor further represents and warrants that it is compliance with all immigration laws, including but not limited to the Immigration Reform Control Act of 1986 ("Act"), which includes but is not limited to the provisions of the *Act* prohibiting hiring and continued employment of unauthorized aliens, and will defend, indemnify, and hold harmless Carter Douglas Company for violations of such laws.

18. As part of the Independent Contractor Agreement with Carter Douglas Company, the Agreement provided it was to continue for a period of 60 months or until the Independent Contractor completed services and further than the Independent Contractor agreed to obtain worker's compensation insurance coverage.

19. Berkley issued a commercial insurance policy, Policy No. VUMC0130970 to Carter Douglas Company for the policy period November 21, 2016 to November 21, 2017.

20. The subject, Berkley Assurance insurance policy includes certain coverage and also contains certain policy exclusions.

21. Subsequent to Mr. Hatcher's injuries and after Mr. Hatcher filed his suit against Carter Douglas Company in state court in Warren Circuit Court Case No. 18-Ci-00311, Carter Douglas Company requester Berkley Assurance to defend it in this state court action and Berkley Assurance has under reservation of rights agreed to defend Carter Douglas Company in the underlying court action in Warren County, Kentucky.

COUNT I – REQUEST FOR DECLARATORY JUDGMENT REGARDING CARTER DOUGLAS COMPANY AND CGL FORUM.[1]

22. Barkley Assurance realleges paragraphs 1 through 21 above as if fully set forth herein.

23. An actual case or controversy exists between Berkley Assurance and Carter Douglas Company regarding the scope and extent of any insurance coverage available to Carter Douglas Company, if any and the liability of Berkley Assurance under its commercial policy No. VUMC0130970.

24. This policy of insurance issued to Carter Douglas Company includes certain coverage and includes certain exclusions of coverage. The enforced Berkley Assurance general liability coverage of the policy contains the following commercial policy provisions:

SECTION 1 – COVERAGES

***Coverage A Bodily Injury and Property Damage Liability***

> I) Insuring Agreement
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We my at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…
> b. This insurance applies to "bodily injury" and "property damage" only if:
>> 1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>> 2) The "bodily injury" or "property damage" occurs during the policy period and…
>
> c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from "bodily injury."

---

[1] Due to the size of this policy of insurance, the policy is not provided herewith as an attachment. A copy will be sent to the Defendants' counsel and a copy provided to the Court upon request.

25. The subject policy CGL Form contains an exclusion that this insurance does not apply to:

**Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

    a. Employment by the insured; or

    b. Performing duties related to the conduct of the insured's business; or…

This exclusion applies:

(1) Whether the insured may be liable as employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

26. Berkley Assurance seeks a declaration from this court that Stephen Hatcher was a employee working for the Carter Douglas Company when he fell and was injured on the job while working on March 17, 207 at the premises located at 314 7th Avenue East, Bowling Green, Kentucky.

27. Berkley Assurance contends Stephen Hatcher was injured while an employee on the job, working for Carter Douglas Company and seeks a declaration that there is no coverage under subject policy of insurance issued by Berkley Assurance to Carter Douglas Company.

WHEREFORE, Berkley Assurance respectfully requests that this court:

1. Enter an Order declaring that Berkley Assurance has no obligation to provide coverage to Carter Douglas Company under the fore mentioned policy of insurance

for any claims made by Stephen Bradley Hatcher for injuries or damages caused by him stemming from his injuries sustained on March 17, 2017.

2. That Berkley Assurance has no further obligation to defend Carter Douglas Company in the pending action filed by Stephen Bradley Hatcher v. Carter Douglas Company, Warren Circuit Court Case No. 18-CI-00311.

3. Any and all just and proper reward.

Respectfully Submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

/s/ PJ Painter
Donald L. Miller II
Paul J. Painter
9300 Shelbyville Rd., Ste. 400
Louisville, KY. 40222
dmiller@qpwblaw.com
ppainter@qpwblaw.com
*Counsel for Plaintiff*
*Berkley Assurance Company*