UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00099-GNS

BERKLEY ASSURANCE COMPANY                                               PLAINTIFF

v.

CARTER DOUGLAS COMPANY, LLC; and
STEPHEN BRADLEY HATCHER                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Declaratory Judgment and Summary Judgment (DN 13). The motion is now ripe for review. For the reasons that follow, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

On February 27, 2017, Defendant Stephen Bradley Hatcher ("Hatcher") executed an Independent Contractor Agreement with Defendant Carter Douglas Company, LLC ("Carter Douglas"). (Compl. Ex. 1, DN 1-1). On March 17, 2017, Hatcher was renovating a building on behalf of Carter Douglas when the rafter he was walking on broke underneath him causing him to fall and suffer injuries including brain trauma, a fractured skull, a crushed wrist, and a broken vertebra, face bone, and right shoulder. (Compl. Ex. 3, ¶ 4, DN 1-3; Hatcher Dep. 87:5-10, Nov. 8, 2017, DN 13-2).

Hatcher thereafter filed a workers' compensation claim. (Compl. Ex. 2, at 1, DN 1-2). An initial dispute arose as to whether Hatcher was working as an employee or independent contractor for Carter Douglas at the time of the injury. (Compl. Ex. 2, at 1). The Administrative Law Judge ("ALJ") found Hatcher to be an employee rather than an independent contractor of Carter Douglas. (Compl. Ex. 2, at 13-14). The Court's own research reveals that Hatcher's workers compensation

1

claim is still before the ALJ. *Hatcher v. Carter Douglas Co.*, No. 2017-01510 (Ky. A.L.J. Nov. 27, 2019). After the ALJ's determination, Hatcher filed a separate action in state court alleging that Carter Douglas failed to comply with Kentucky workers' compensation laws, which, if true, would negate the exclusive remedy provision of those laws and allow Hatcher to pursue a claim in Kentucky state court. (Compl. Ex. 3, ¶¶ 7-8); *see* KRS 342.690(2). A Kentucky CourtNet search of that state court action reveals that it is being held in abeyance as of December 10, 2019, pending final resolution of Hatcher's workers' compensation claim. *Hatcher v. Carter Douglas Co.*, No. 18-CI-00311 (Ky. Cir. Ct. Dec. 10, 2019).

Plaintiff Berkley Assurance Company ("Berkley"), which issued a commercial general liability insurance policy to Carter Douglas, filed the present action seeking a declaratory judgment that Berkley "has no obligation to provide coverage to Carter Douglas" for any claims made by Hatcher arising from his fall. (Compl. ¶¶ 22-27). Berkley also seeks a declaratory judgment that it has no further obligation to defend Carter Douglas in the underlying state court action between Hatcher and Carter Douglas. (Compl. ¶ 27). Berkley has moved for declaratory judgment and summary judgment, to which no response has been filed. (Pl.'s Mot. Summ. J., DN 13).

## II.    **JURISDICTION**

To the extent the Court possesses subject matter jurisdiction over this case, it is based on diversity. *See* 28 U.S.C. § 1332.

## III.    **DISCUSSION**

Although the issue has not been raised, courts are encouraged to, sua sponte, examine the issue of whether to exercise their discretion in asserting jurisdiction over actions brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 271 (6th Cir. 2007) (raising the issue, sua sponte, of whether

to exercise jurisdiction over declaratory judgment action). Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A court's exercise of jurisdiction under the Declaratory Judgment Act, however, is discretionary—not mandatory. *See Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). The Sixth Circuit has outlined the following five factors to analyze when determining whether a district court should exercise jurisdiction over a request for a declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id*. (citation omitted); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 564 (6th Cir. 2008). These factors embody three main principles: efficiency, fairness, and federalism. *See W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (citation omitted).

### A. Settlement of the Controversy and Clarification of Legal Relations

In insurance coverage cases, most courts consider the first two factors together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 555 (citations omitted). Ultimately, "a declaratory judgment is proper if it will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action." *Argonaut-Midwest Ins. Co.*

*v. Johnson*, No. 3:14-CV-00395-TBR, 2014 WL 6804284, at *2 (W.D. Ky. Dec. 2, 2014) (internal quotation marks omitted) (citations omitted).

In seeking a declaratory judgment relieving itself of any liability owed to Hatcher, Berkley relies on the policy's purported[1] coverage exclusion for "'Bodily injury' to: [a]n '*employee*' of the insured arising out of and in the course of: [e]mployment by the insured[] or [p]erforming duties related to the conduct of the insured's business . . . . This exclusion applies: [w]hether the insured may be liable as employer or in any other capacity . . . ." (Pl.'s Mem. Supp. Mot. Summ. J. 10, DN 13-1 (emphasis added)). Whether Hatcher constituted an "employee" under the policy exclusion at the time of his injuries appears to be a determinative factor regarding coverage.[2]

As noted above, Hatcher's state court action is currently stayed pending the resolution of Hatcher's workers' compensation case. One of the issues in both of those cases is whether Hatcher was an employee or independent contractor of Carter Douglas. (Compl. Ex. 2, at 2; Compl. Ex. 3, ¶¶ 7-8; Compl. Ex. 4, at 2-5, DN 1-4). Determining whether Hatcher is an employee of Carter Douglas in both state court actions and the current action before this Court will involve significant, if not complete, fact-finding overlap of the myriad of factors bearing on Hatcher's employment status. *See Ratliff v. Redmon*, 396 S.W.2d 320, 324-25 (Ky. 1965) (outlining factors courts must analyze when determining whether individual is employee or independent contractor under workers' compensation laws); *see also Home Ins. Co. v. Henderson Lodge, No. 732, Loyal Order of Moose*, 257 S.W. 422, 422-24 (Ky. 1923) (outlining analysis for courts when determining whether individual is employee or independent contractor in insurance policy). At the very least,

---

[1] Berkley did not include any portion of the policy in the record other than the quotation contained within the Complaint.
[2] How the policy defines "employee" is unknown because Berkley did not make the policy a part of the record, nor did it provide a definition of "employee" in any of its pleadings or motions.

to determine whether the exclusion applies, the relationship between Hatcher and Carter Douglas must be analyzed, which will involve fact-finding overlap with the state actions. This overlap counsels against exercising jurisdiction over the instant action.

> B. **Race for Res Judicata**

The third factor considers "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or [is] likely to create a race for *res judicata*." *Flowers*, 513 F.3d at 558. The Sixth Circuit has explained that this analysis is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id*. (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). Where there is no direct evidence in the record to suggest a declaratory action was motivated by such "procedural fencing," courts "are reluctant to impute an improper motive to a plaintiff . . . ." *Id*. (citations omitted). As the Sixth Circuit has noted, "[a] district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of a federal rather than a state court, a choice given by Congress.'" *Flowers*, 513 F.3d at 558 (quoting *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)).

Where, as here, there is no direct evidence of "procedural fencing" in the record, the third factor "is considered to be neutral with respect to the determination of whether to exercise jurisdiction." *Everett Cash Mut. Ins. Co. v. Mann*, No. 1:17-CV-00201-GNS, 2019 WL 267734, at *3 (W.D. Ky. Jan. 18, 2019).

> C. **Increased Friction Between Federal and State Courts**

Fourth, the Court must consider "whether accepting jurisdiction would increase friction between federal and state courts." *Flowers*, 513 F.3d at 559. "[T]he mere existence of a state

court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). There are three sub-factors this Court must consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

"The first of these sub-factors focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. In cases seeking a declaration regarding "the scope of insurance coverage," the Sixth Circuit has "recognized that such questions can sometimes be resolved as a matter of law and do not require factual findings . . . ." *Id*. (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003); *Green*, 825 F.2d at 1067). As indicated above however, the relationship between Hatcher and Carter Douglas and whether Hatcher was an "employee" of Carter Douglas at the time of his injuries involve factual issues that are not only "important to an informed resolution of the case" but are essentially the determinative issues. As such, this sub-factor weighs toward dismissal.

The second sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Id*. at 560. "Generally, state courts are better situated than federal courts to resolve disputes over state regulated insurance contracts and novel questions of state law." *Arrowood Indem. Co. v. Drees Co.*, No. 14-169-DLB-CJS, 2015 WL 136107, at *7 (E.D. Ky. Jan. 9, 2015) (citing *Travelers*, 495 F.3d at 272; *Bituminous*, 373 F.3d at 815-16). As

the Sixth Circuit has also noted, however, "not all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them." *Flowers*, 513 F.3d at 561 (citation omitted); *compare Stewart Title*, 327 F.3d at 454 (reasoning that because the declaratory plaintiff-insurer was not a party to the state court action, and the issues before the federal court were not before the state court, the principles of comity would not be offended), *with Flowers*, 513 F.3d at 561 ("Despite the clear indications from the Kentucky courts regarding how such an issue should be resolved, Kentucky courts are in a better position to resolve the insurance policy interpretation in this case."). Because state courts are generally better situated than federal courts to resolve disputes over insurance contracts, and because this case boils down to insurance contract interpretation under Kentucky law, this factor weighs in favor of declining jurisdiction. *Mann*, 2019 WL 267734, at *3.

"The final sub-factor requires the court to determine whether the issue in the federal action implicates important state policies and therefore would be more appropriate for the state court to address." *Secura Ins. Co. v. Gray Constr., Inc.*, 661 F. Supp. 2d 721, 730 (W.D. Ky. 2009). The Sixth Circuit has held that issues of "insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. Concern for public policy, and the position that state courts occupy in best identifying and enforcing such policy, has "been frequently applied in cases of insurance contract interpretation and [the Sixth Circuit] [has] held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." *Travelers*, 495 F.3d at 273 (collecting cases). Because this dispute involves the interpretation of an insurance policy under Kentucky law, it

appears to be more appropriate for a Kentucky court to handle this case, weighing this factor in favor of abstention. *Mann*, 2019 WL 267734 at *4.

All subfactors weigh in favor of dismissal, so this fourth factor does as well.

### D.     Availability of Alternative Remedy

The Sixth Circuit has stated that the district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. Following a split in precedent "regarding whether the possibility of seeking a declaratory judgment or indemnity action in state court counsels against the district court exercising jurisdiction[,]" the Sixth Circuit held that "rather than applying a general rule, our inquiry on this factor must be fact specific, involving consideration of the whole package of option available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562.

Alternative remedies available to Berkley besides this declaratory judgment action include potential intervention in the state court action between Hatcher and Carter Douglas or Berkley filing its own declaratory judgment action in state court. The existence of these remedies "counsel[s] against exercising jurisdiction in this case." *Id*. As such, the fifth factor weighs in favor of dismissal in this case.

### E.     Conclusion

In sum, as all factors weigh in favor of dismissal, except for the third which is neutral, the Court will dismiss this case.

### IV.     CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Declaratory Judgment and Summary Judgment (DN 13) is **DENIED**. As the Court declines to

exercise jurisdiction over this matter, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

January 13, 2020

cc: counsel of record